LOVE, J.,
dissents from the denial of rehearing and assigns reasons.
|,I respectfully dissent and would grant the rehearing.
A JNOV should only be granted “when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable persons could not arrive at a contrary verdict.” Joseph v. Broussard Rice Mill, Inc., 00-0628, p. 4 (La.10/30/00), 772 So.2d 94, 99. “[T]he trial court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.” Joseph, 00-0628, p. 5, 772 So.2d at 99. “Refusal to render a judgment notwithstanding the verdict (JNOV) can only be overturned if it is manifestly erroneous.” Peterson v. Gibraltar Sav. and Loan, 98-1601, p. 6 (La.5/18/99), 733 So.2d 1198,1203.
*91 The Raineys requested that the Lagarde agency (“Agency”) transfer their flood insurance policy to the Bigelows and the Agency began preparing the change request form required for the flood insurance policy transfer. The form included personal information of the Bigelows, which was provided by Mr. Bigelow when he allegedly called the Agency’s office. The Agency then faxed the form to the title company for the closing with a note attached requiring the signatures of both | ¡¡Mr. Rainey and Mr. Bigelow. A copy of the uncompleted form was then placed in a “pending” file at the Agency. However, the change request form was not signed at the closing.
Following the completion of the sale, Mrs. Rainey telephoned the Agency requesting the cancellation of the homeowner’s insurance. However, the Agency cancelled all of the outstanding policies on the property. The Agency also did not follow-up with the Raineys or the Bigelows regarding the change request form
Our original opinion cited Opera Boats, Inc. v. Cont’l Underwriters, Ltd., 618 So.2d 1081, 1085-86 (La.App. 1st Cir.1993), for the list of requirements necessary to recover from an insurer’s failure to procure insurance. The requirements include:
1) an undertaking or agreement by the insurance agent to procure insurance; 2) failure of the agent to use reasonable diligence to obtain insurance and to notify the client promptly of the absence of coverage; and 3) actions by the agent which warranted the client’s assumption that he was insured in the amount of the desired coverage.
Id. The original opinion found that the Bigelows did not satisfy the first requirement, which triggered the de novo standard of review. However, the Agency began to transfer the Raineys’ flood insurance to the Bigelows, as referenced in the facts recited above. As for the second requirement, the Agency failed to use reasonable diligence in obtaining the transfer of the flood insurance. The Agency prepared the change request form and placed a copy of it in its “pending” file. However, the Agency failed to follow-up on the form. Reasonable diligence requires the Agency to follow-up on items located in its “pending” file. Lastly, the totality of the actions in the case sub judice warranted that the Bige-lows assumed that the flood insurance had been transferred. The facts also reflect that the Raineys believed the flood insurance was transferred because Mrs. Rainey testified that she only requested that the homeowner’s policy be cancelled.
|sBased on the actions of the Agency, I find that the trial court did not commit manifest error in denying the JNOV. The trial court determined that Lagarde owed a duty to the Bigelows based on the facts and circumstances of this ease. As reasonable people could arrive at different conclusions regarding the Agency’s alleged negligence in regards to the duty, the original opinion incorrectly utilized the de novo standard of review to reverse the trial court.
McKAY, J., dissents.
|fl would grant rehearing.